**Dated: February 7, 2025**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
BRANDY MARIE STEPHENS,             Case No. 24-80636-PRT
       Debtor.                               Chapter 7

## ORDER

Before the Court is the Trustee's Objection to Debtor's Claims for Property Exemptions (ECF No. 15), Debtor's Objection (ECF No. 23), and the Trustee's Response (ECF No. 24). This Court held a hearing on this matter and, at the request of the parties, allowed them to submit this matter by stipulation and to file additional briefs if they desired. The parties declined the Court's offer to set the matter for evidentiary hearing. After the hearing, the parties filed their Stipulation of Facts (ECF No. 26), and the Debtor filed a Brief in Support of her Objection (ECF No. 27). Having reviewed the file and applicable legal authorities, the Court finds that the Trustee's Objection should be granted and the Debtor's claimed exemptions under Oklahoma law should be denied.

**Facts**

The parties submitted the following Stipulations of Fact:

1. Debtor established her domicile at the subject property, 8403 E. St. Hwy 31, McAlester, OK 74501 when she purchased the property on 4/24/15.

2. Debtor moved to 325 Calcote Rd., Leesville, LA 71446 from 03/2021 to 03/2023.

3. Debtor moved to 12333 NS 3640 Rd., Wewoka, OK 74884 in 03/2023 and currently resides there.

In addition to these stipulated facts, the record reflects these facts:

The Debtor filed this case on August 15, 2024. On Schedule C, she listed real estate with a property address of 8403 E. St. Hwy 31 as exempt property, citing OKLA. STAT. ANN. Tit. 31, § 1(A)(1); § 1(A)(2); § 2. She listed the value of the exemption as $70,000. On Schedule A, she stated that she and another have an interest in this property, listing a total value of $140,000, with the value of her portion as $70,000. As other information, she states "Lien on property held by Mortgage Clearing Corp in roommate's name." She does not list this property or mortgage on Schedule D.

The Trustee stated in his Objection that this property was awarded to her ex-husband in their divorce filed in Pittsburg County in 2019, and that she is to receive 50% of the profit from the sale of the property.[1] The Debtor denies paragraphs 2-5 in the Trustee's objection "insofar as it characterizes Debtor's actions as an abandonment of Oklahoma and the subject property as her domicile . . . ."[2] However, she does not deny that she was divorced or that the divorce decree provides that she is to receive 50% of any profits generated upon the sale of the property.

---

[1] ECF 15, ¶ 2(a)(iii).
[2] ECF No. 23, ¶ 2.

## Analysis

1. Burden of Proof.

A debtor's claim of exempt property is presumed to be valid. The party objecting to the debtor's claimed exemptions has the initial burden of proving that the exemptions are not properly claimed.[3] Thereafter, the burden shifts back to the debtor to present evidence to demonstrate that their exemption is proper.[4]

At the parties' request, the Court's analysis is based upon the case file, pleadings and Stipulation, as they have declined to proceed on an evidentiary hearing.

2. Section 522(b)(3)(A) determines which state exemptions apply.

Section 522(b)(3)(A)[5] allows a debtor to claim certain property as exempt, and therefore not included as property of the bankruptcy estate, in accordance with the state exemption laws of the state where the debtor was domiciled for 730 days prior to filing a bankruptcy petition. If the debtor's domicile has not been located in a single state for the 730-day period, then the controlling state law is that of the state in which the debtor was domiciled for the 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.[6]

The Debtor has claimed exemptions pursuant to Oklahoma law. At the time she filed this case on August 15, 2024, she was domiciled in Oklahoma. For purposes of claiming exemptions,

---

[3] Fed. R. Bankr. P. 4003(c); *In re Maynor,* 2022 WL 326079 at *4 (B.A.P. 10th Cir. Feb. 3, 2022).
[4] *Maynor,* 2022 WL 326079 at *4, citing *In re Hodes,* 308 B.R. 61, 66 (B.A.P. 10th Cir. 2004).
[5] 11 U.S.C. § 522(b)(3)(A). Unless otherwise noted, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.
[6] § 522(b)(3)(A); 4 Collier on Bankruptcy ¶ 522.06.

the 730-day period prior to filing began on August 16, 2022. The Debtor has lived in two states during the 730-period prior to filing bankruptcy, Oklahoma and Louisiana. Because she did not live in a single state the entire 730-day period, § 522(b)(3)(A) directs us to look at the state in which she was domiciled for the 180 days prior to the 730-day period, i.e., from February 17, 2022 until August 16, 2022. As she has stipulated, the Debtor lived in Louisiana from March of 2021 through March of 2023, meaning she resided in Louisiana for the entire 180 days prior to the 730-day period. Therefore, Louisiana law controls regarding exemptions.

Louisiana is an "opt out" state as its legislature, pursuant to § 522(b), determined that persons filing for bankruptcy may claim only those exemptions permitted by state and non-bankruptcy federal law.[7] Further, the United States Supreme Court has held that in cases involving exemptions in opt out states, the law of the state determines the scope of the exemption.[8] Louisiana does not restrict the application of its exemption statutes to persons residing in its state or to property located within the state.[9] As a former resident, the Debtor is permitted to utilize Louisiana's exemption scheme to protect property located in another state so long as she qualifies for the claimed exemption pursuant to Louisiana law.[10] However, as the Debtor's Schedule C claims exemptions only under Oklahoma law, those exemptions are improper and must be disallowed.

---

[7] La. Rev. Stat. Ann. § 13:3881; *see In re Collet*, 351 B.R. 395, 396 (Bankr. W.D. La. 2006).
[8] *Collet,* 351 B.R. at 396, citing *Owen v. Owen,* 500 U.S. 305, 308, (1991) ("Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all.")
[9] *Sheehan v. Ash,* 889 F.3d 171, 174 (4th Cir. 2018) citing La. Rev. Stat. Ann. § 13:3881(B)(1). *See also* La. Const. art. 7, § 34 (2024).
[10] *Sheehan,* 889 at 174.

### Order of the Court

For the reasons stated herein,

IT IS HEREBY ORDERED that the Debtor's claimed exemptions under Oklahoma law are improper and the Trustee's Objection to Debtor's Claims for Property Exemptions (ECF No. 15) is **granted.**

###